IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STEVEN W. QUICK, ID # 1243617, ) | |
|       Plaintiff, ) | |
| vs. ) | No. 3:05-CV-1151-L |
| ) | |
| JESSICA EDWARDS, et al., ) | |
|       Defendants. ) | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

I. BACKGROUND

Plaintiff, a prisoner currently incarcerated in the Texas prison system, brings this action pursuant to 42 U.S.C. § 1983 against Jessica Edwards, Assistant District Attorney of Hunt County.[1] (Am. Compl. at 2-3.)[2] He contends that on December 8, 2003, defendant slandered him by calling him a "child molester" during an examining trial in a state criminal action that led to his conviction for unlawful restraint. (*Id.* at 3-4; Answers to Questions 1 through 3 of Magistrate Judge's Question-

---

[1] The Court received an unsigned complaint from plaintiff on June 3, 2005, that lists defendant Edwards and an unidentified Assistant District Attorney as defendants. The Court received a signed amended complaint from plaintiff on August 12, 2005. In the amended complaint, plaintiff abandoned his claims against the unidentified District Attorney by not listing that individual as a defendant and not making an allegations against such District Attorney. Although the current action thus proceeds only against defendant Edwards, the Court notes that the findings, conclusions, and recommendation made herein would apply equally to the unidentified District Attorney had plaintiff pursued this action against him or her.

[2] The Court utilizes the page numbers at the bottom of each page although the first page of the amended complaint indicates that it is page two.

naire (MJQ).[3])  Plaintiff seeks monetary damages in this action.[4]  (Am. Compl. at 4.)  No process has been issued in this case.

## II. PRELIMINARY SCREENING

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*.  As a prisoner seeking redress from an employee of a governmental entity, plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.  *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam).  Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.  A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Smith*

---

[3] Plaintiff's answers to the questions posed by the Court constitute an amendment to the filed complaint.  *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

[4] Plaintiff also seeks "bragging rights" and the "shield" and "badge" of the defendant. (Am. Compl. at 4.) "Bragging rights" within the context of litigation does not constitute legal relief, but is instead a byproduct of success on the asserted claims.  A plaintiff, furthermore, may not obtain the physical shield or badge of a defendant through a § 1983 action.  In addition, to the extent plaintiff makes the request for defendant's shield and badge figuratively as a request for the termination of defendant, such requested relief is "is simply not available under 42 U.S.C. § 1983." *See Reyes v. Hale County Jail*, No. 5:03-CV-180-C, 2003 WL 22670929, at *3 (N.D. Tex. Sept. 16, 2003).  For these reasons, the Court proceeds as though plaintiff seeks only monetary relief in this action.

2

*v. Winter*, 782 F.2d 508, 511-12 (5th Cir. 1986); *Henrise v. Horvath*, 94 F. Supp. 2d 768, 769 (N.D. Tex. 2000).

### III.  SECTION 1983

Plaintiff seeks monetary damages under 42 U.S.C. § 1983 against an assistant district attorney for an alleged slanderous statement made during a criminal proceeding.  Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994).  It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.*

Plaintiff's claim against defendant stems from an alleged slanderous statement made during a state criminal proceeding.  Claims of slander, defamation, and libel generally arise under state tort law and typically lack the constitutional element required to bring suit under 42 U.S.C. § 1983. *See Paul v. Davis*, 424 U.S. 693, 712 (1976).  To the extent slander can support a claim under § 1983, plaintiff must allege facts sufficient to state a claim under that statute. *See Mowbray v. Cameron County*, 274 F.3d 269, 277 (5th Cir. 2001) (suggesting that a slander claim could fall under § 1983). In this instance, plaintiff merely asserts that defendant called him a "child molester" during criminal proceedings which culminated with his conviction for unlawful restraint.  Although such a statement undoubtedly harms one's reputation, plaintiff does not allege how the statement otherwise harmed him.  He does not allege that the statement rendered his trial fundamentally unfair, and the alleged facts do not support such an allegation in any event.  Plaintiff has simply not alleged that the

3

statement deprived him of a constitutional or other federal right. He thus fails to state a claim under § 1983. *Id.*

Furthermore, prosecutors enjoy absolute immunity to initiate and pursue criminal prosecutions. *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Plaintiff complains about a statement made by an Assistant District Attorney during state criminal proceedings. Plaintiff has made no allegation that the defendant acted other than in her adjudicative role as an Assistant District Attorney. The prosecutor thus has absolute immunity against plaintiff's slander claim.[5]

### IV.  RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court summarily **DISMISS** this action with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for the failure of plaintiff to state a claim upon which relief may be granted and for seeking monetary relief against a defendant who is immune from such relief. The dismissal of this action will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[6]

---

[5] To the extent plaintiff asserts a state claim of slander, such claim is also barred by the statute of limitations. Such a claim must be brought within one year of its accrual. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.002. Such claim, furthermore, "accrues on the date of the communication or publication and not on the date of the consequences or sequelae." *Ross v. Arkwright Mut. Ins. Co.*, 892 S.W.2d 119, 131 (Tex. App. – Houston [14th Dist.] 1994, no writ). In this instance, the alleged slanderous statement occurred on December 8, 2003, approximately eighteen months before this Court received plaintiff's unsigned complaint on June 3, 2005. Plaintiff thus filed the instant action well after the applicable statutes of limitations had expired. Nothing indicates that the limitations period should be tolled. Plaintiff asserts no basis for equitable tolling. Furthermore, nothing indicates that such tolling is warranted. Consequently, a state claim for slander is frivolous under 28 U.S.C. §§ 1915(e)(2) and 1915A for the failure of plaintiff to file it within the statutory periods of limitations.

[6] Section 1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

4

**SIGNED this 2nd day of June, 2006.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE