**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **STEVEN W. QUICK, ID # 1243617,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 3:05-CV-1151-L |
| | § | |
| **JESSICA EDWARDS, et al.,**[*] | § | |
| | § | |
| **Defendants.** | § | |

### ORDER

This is a pro se civil rights case brought by Plaintiff Steven W. Quick ("Plaintiff" or "Quick") against Assistant District Attorney Jessica Edwards ("Edwards"). Quick maintains that Edwards slandered him by stating that he was a "child molester" during an examining trial in a state criminal action. Pursuant to 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this action was referred to the United States Magistrate Judge for proposed findings and recommendation. On June 2, 2006, the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") were filed, to which Plaintiff filed no objections.

The magistrate judge determined that Quick fails to state a claim under § 1983, as he has not alleged that Edwards' statement deprived him of a constitutional or other federal right. The magistrate judge also determined that, as a prosecutor, Edwards has absolute immunity to initiate and pursue criminal prosecutions, and Quick has not alleged that she acted other than in her adjudicative role as an assistant district attorney. The magistrate judge recommends that this action

---

[*]Plaintiff originally listed an unidentified assistant district attorney as a co-defendant. In his amended complaint, filed August 12, 2005, Quick did not list this individual as a defendant, or make any allegations against her or him. Accordingly, the court determines that such individual is no longer party to this action and all claims against such individual have been abandoned.

be dismissed with prejudice for Quick's failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); and for seeking monetary relief against Edwards who is immune from such relief.

After making an independent review of the pleadings, file and record in this case, and the findings of the magistrate judge, the court determines that the findings and conclusions of the magistrate judge are correct. They are therefore accepted as those of the court. Accordingly, the court **dismisses this action with prejudice**, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), as Quick fails to state a claim upon which relief may be granted, and seeks monetary relief against Edwards who is immune from such relief.

**It is so ordered** this 26th day of June, 2006.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge